UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THOMAS LEE, on behalf of himself and others similarly situated,

    Plaintiff,

v.

BEST AMERICAN INVESTMENTS, LLC, a Florida Limited Liability Company; BAYMEADOWS MANAGEMENT, LLC, a Florida Limited Liability Company; and ASHOK BHATT, individually,

    Defendants.

CASE No.:

**COLLECTIVE ACTION COMPLAINT AND**
**DEMAND FOR JURY TRIAL**

Plaintiff, THOMAS LEE ("Plaintiff"), on behalf of himself and all other employees and former employees similarly situated, by and through his undersigned counsel, files this Collective Action Complaint and Demand for Jury Trial against Defendants, BEST AMERICAN INVESTMENTS, LLC d/b/a America's Best Inn ("America's Best Inn"); BAYMEADOWS MANAGEMENT, LLC d/b/a APM Inn & Suites ("APM Inn & Suites"), and ASHOK BHATT ("Bhatt") (America's Best Inn, APM Inn & Suites, and Bhatt are collectively referred to as "Defendants") and states:

# INTRODUCTION

1. Congress designed the FLSA to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). To achieve this broad remedial purpose, the FLSA establishes minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206, 207. These provisions, coupled with an effective integrated cause of action within the FLSA, prevent employers from pilfering the wages rightfully earned by their employees. *See Billingsley v. Citi Trends, Inc.*, 2014 WL 1199501 (11th Cir. Mar. 25, 2014).

2. This is a collective action brought pursuant to 29 U.S.C. § 216(b) by Plaintiff, individually, and on behalf of all similarly situated persons employed by Defendants arising from Defendants' willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

3. Defendants operate two motels, APM Inn & Suites and America's Best Inn, in Jacksonville, Florida.

4. Defendants employed Plaintiff and other similarly situated employees but failed to pay them the appropriate minimum wages and overtime pay under the FLSA.

5. Defendants have a company-wide policy whereby they require their non-exempt employees to work more than forty (40) hours per work week, but do not compensate them for all of the hours that they work.

6. These violations stem from Defendants' illegal practice of shaving time from their employees time records.

7. Defendants' practice of failing to compensate Plaintiff and other similarly situated employees for all of their hours worked each week violated the minimum wage and overtime provisions of the FLSA.

8. Plaintiff brings a collective action to recover the unpaid wages owed to him and all other similarly situated employees, current and former, of Defendants at any time during the relevant period before this Complaint was filed up to the present ("Class Members").

## JURISDICTION

9. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq.*, hereinafter referred to as the "FLSA") to recover unpaid minimum wages, overtime compensation, an additional and equal amount as liquidated damages, and reasonable attorney's fees and costs.

10. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under 29 U.S.C. § 216(b).

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since all, and/or a substantial part, of the events giving rise to Plaintiff's claims occurred in Duval County, Florida, located within the Middle District of Florida.

## PARTIES

12. At all times material hereto, Plaintiff was a resident within the jurisdiction of the Middle District of Florida.

13. At all times material hereto, America's Best Inn was, and continues to be a Florida Limited Liability Company, engaged in business in Florida, with a principle place of business in Jacksonville, Florida.

14. At all times material hereto, APM Inn & Suites was, and continues to be a Florida Limited Liability Company, engaged in business in Florida, with a principle place of business in Jacksonville, Florida.

15. At all times material hereto, America's Best Inn was an "employer" as defined by 29 U.S.C. § 201, *et seq.*

16. At all times material hereto, APM Inn and Suites was an "employer" as defined by 29 U.S.C. § 201, *et seq.*

17. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

18. Upon information and belief, at all times material hereto, Defendant Bhatt was an individual resident of the State of California.

19. At all times material hereto, Defendant Bhatt owned and operated America's Best Inn and APM Inn and Suites.

20. At all times material hereto, Defendant Bhatt had the authority to hire and fire employees of America's Best Inn and APM Inn and Suites.

21. At all times material hereto, Defendant Bhatt regularly determined the rates of pay for the employees of America's Best Inn and APM Inn and Suites.

22. At all times material hereto, Defendant Bhatt regularly determined the work schedules for the employees of America's Best Inn and APM Inn and Suites.

23. At all times material hereto, Defendant Bhatt controlled the finances and operations of America's Best Inn and APM Inn and Suites.

24. At all times material hereto, Defendant Bhatt was Plaintiff's "employer" as defined by 29 U.S.C. § 201, *et seq.*

25. Defendants, America's Best Inn and APM Inn and Suites (hereinafter collectively referred to as "the entities"), have joined and combined to form and constitute a single enterprise and/or joint employer by:

   a. Performing related activities, *i.e.* the operation of motels;

   b. Exercising unified operation or common control over Plaintiff;

   c. Operating for a common business purpose;

   d. Acting directly or indirectly in the interest of each other with respect to Plaintiff;

   e. Agreeing to share employee's services;

   f. Sharing common offices, common record keeping, and equipment;

   g. Sharing common ownership and financial control;

   h. Sharing common management and company policies; and

   i. The entities are not completely dissociated with respect to the

5

employment of Plaintiff and those similarly situated, and may be deemed to share control of Plaintiff, directly or indirectly, by reason of the fact that each corporation is owned and operated by the same individuals, and operate for the same business purpose.

26. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

27. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

28. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce including equipment which was used directly in furtherance of Defendants' commercial activity of operating motels.

29. At all times material hereto, Plaintiff was 'engaged in commerce' and was subject to the individual coverage of the FLSA, by virtue of his handling or otherwise working on goods or materials that had been moved in commerce and which were used directly in furtherance of Defendants' commercial activity of operating motels.

30. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

31. Defendant, Bhatt owns and operates two motels in the Jacksonville,

Florida area—America's Best Inn and APM Inn & Suites.

32. America's Best Inn is incorporated as Best American Investments, LLC.

33. America's Best Inn is located at 8220 Dix Ellis Trail, Jacksonville, Florida.

34. APM Inn & Suites is incorporated as Baymeadows Management, LLC.

35. APM Inn & Suites is located at 510 Lane Avenue South, Jacksonville, Florida 32254.

36. America's Best Inn and APM Inn & Suites share the same mailing address in the Florida corporate records—27 A Iris Avenue, San Francisco, California 94118.

37. America's Best Inn and APM Inn & Suites share the same registered agent in the Florida corporate records—7901 4th Street North, St. Petersburg, Florida 33702.

38. America's Best Inn and APM Inn & Suites share the same authorized member—Ashok Bhatt.

39. Defendants hired Plaintiff to work as a non-exempt maintenance worker in approximately May 2021.

40. Plaintiff was employed by Defendants until approximately October 2021.

41. Plaintiff's duties included maintaining the motel grounds and rooms.

42. At all times relevant to the claim, Plaintiff was compensated on an

hourly basis.

43. However, Plaintiff was not properly compensated for all of the hours that he worked each week, in most, if not all, workweeks.

44. During times relevant to the claim, Plaintiff worked in excess of forty (40) hours in most, if not all, workweeks.

45. However, Defendants failed to compensate Plaintiff for all hours that he worked each week.

46. This practice resulted in Plaintiff receiving less than the applicable minimum wage in most, if not all, work weeks.

47. Additionally, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours in a single workweek.

48. Plaintiff should have been, and should be, compensated at a rate not less than the applicable minimum wage for all of the hours that he worked each workweek, and the applicable overtime rate as required by the FLSA, but Defendants failed to so compensate Plaintiff.

49. Defendants have violated Title 29 U.S.C. §206 and 29 U.S.C. §207 in that:

    a. Plaintiff worked in excess of forty (40) hours per week during his period of employment with Defendants;

    b. No payments, or provisions for payment, have been made by Defendants to properly compensate Plaintiff at the applicable

    minimum wage and one and one-half times Plaintiff's regular rate for those hours that he worked in excess of forty (40) hours per work week as provided by the FLSA;

  c. Defendants failed to pay Plaintiff at least minimum wage in most, if not all, work weeks, in violation of the FLSA;

  d. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful.

## COLLECTIVE ACTION ALLEGATIONS

50. Plaintiff brings this action as a collective action on behalf of a class of individuals similarly situated.

51. Specifically, Plaintiff brings these claims under the Fair Labor Standards Act as a collective action and will request the Court to grant conditional certification under 29 U.S.C. § 216(b), and to order notices to potential opt-in individuals who are or were employed by Defendants as non-exempt employees within three (3) years prior to the commencement of this lawsuit.

52. As part of their regular business practices, Defendants intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Class Members by engaging in a pattern, practice, or policy of violating the FLSA on a class wide basis.

53. Although Defendants permitted and/or required the FLSA Class Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty (40) hours.

9

54. Defendants also failed to pay Plaintiff and the Class Members for all hours worked each week, resulting in failure to pay the applicable minimum wage for all hours worked each week.

55. The FLSA Class Members are all non-exempt employees who worked for Defendant.

56. The FLSA Class Members all suffered from the same FLSA violations as set forth herein.

57. In particular, Plaintiff and the FLSA Class Members all worked as non-exempt employees who were not compensated at the proper minimum wage for all hours worked each week and a time and one-half rate for all of the hours that they worked over forty (40) each week.

58. Many FLSA Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

59. However, the FLSA Class Members uniformly suffered from Defendants' illegal policy as described herein.

60. The FLSA Class Members are not exempt from receiving minimum wage pay or overtime pay under the FLSA.

61. Defendants' failure to pay overtime and minimum wage compensation at the rate as required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the FLSA Class Members.

62. All FLSA Class Members, irrespective of their particular job

requirements, are entitled to proper minimum wages and overtime compensation for hours worked in excess of forty (40) hours during each workweek.

63. As such, the class of similarly situated Plaintiffs are properly defined as follows:

> **All current and former employees who were employed by Defendants within the last three (3) years who worked in excess of forty (40) hours in one or more workweeks but were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in one or more workweeks, and/or were not compensated at a rate at least equivalent to the Florida minimum wage in one or more work weeks as required by the FLSA.**

57. Specifically, despite the fact the numerous employees brought Defendants' aforementioned illegal policies and FLSA violations to Defendants' attention throughout their employment, Defendants refused to pay Plaintiff and those similarly situated their proper compensation as required by the FLSA.

58. Defendants did not act in good faith or reliance upon any of the following in formulating their pay practices:

    a.    case law;

    b.    the FLSA, 29 U.S.C. § 201, *et seq.*;

    c.    Department of Labor Wage and Hour Opinion Letters; or

    d.    the Code of Federal Regulations.

59. During the relevant period, Defendants violated the FLSA by retaining employees in an enterprise engaged in commerce, or in the production of goods and services for commerce, within the meaning of the FLSA, as aforesaid, for one or

more workweeks without compensating such employees for their work at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a work week, and/or without compensating such employees the applicable minimum wage for all hours worked.

60. Defendants' failure to compensate the FLSA Class Members at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, and failure to compensate the FLSA Class Members at the applicable minimum wage for all hours worked results from Defendants' policy or practice that applies to all similarly situated employees, companywide.

61. Defendants acted willfully in failing to pay Plaintiff and the FLSA Class Members in accordance with the law.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION

62. Plaintiff realleges and reincorporates paragraphs 1 through 61 as if fully set forth herein.

63. Plaintiff worked in excess of forty (40) hours per week in most, if not all, work weeks while employed by Defendants.

64. Plaintiff was not properly compensated at the statutory rate of one and one-half times his regular rate of pay for the hours that he worked in excess of forty (40) hours each workweek.

65. Plaintiff is entitled to be paid at the statutory rate of one and one-half

times his regular rate of pay for those hours worked in excess of forty (40) hours each work week.

66. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA.

67. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times his regular rate of pay for the hours that he worked in excess of forty (40) hours per work week when it knew, or should have known, such was, and is due.

68. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

69. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

70. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## VIOLATION OF 29 U.S.C. § 206 MINIMUM WAGE

71. Plaintiff realleges and reincorporates paragraphs 1 through 61 as if fully set forth herein.

72. Plaintiff is entitled to be paid at least the Florida minimum wage for all hours worked in a workweek during his employment with Defendants.

73. Defendants failed to pay Plaintiff at least the Florida minimum wage for all of the hours that he worked in most, if not all work weeks.

74. Defendants had specific knowledge that it was paying sub-minimum wages to Plaintiff.

75. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for unpaid minimum wages, plus liquidated damages.

76. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against the Defendants:

   a. An Order Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Counts I and II);

   b. An Order compelling Defendants to disclose the names and addresses of all FLSA Class Members and permitting Plaintiff to send notice of this action all similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA Class Members of their right to join and participate in this lawsuit;

   c. An Order granting judgment in favor of Plaintiff and against Defendants and awarding Plaintiff and FLSA Class Members the full

      amount of damages and liquidated damages available by law;

d.  Overtime compensation for all hours worked over forty (40) hours in a work week at the applicable time and one-half rate;

e.  All unpaid wages at the Florida mandated minimum wage rate;

f.  An equal amount of all owed wages as liquidated damages as allowed under the FLSA;

g.  Awarding Plaintiff pre-judgment and/or post-judgment interest;

h.  Reasonable attorney's fees, costs and expenses of this action as provided by statute; and

i.  Such other relief to which Plaintiff and FLSA Class Members may be entitled, at law or in equity.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

Dated: March 16, 2022.

          /s/ *Chanelle J. Ventura*
          Chanelle J. Ventura
          Florida Bar No. 1002876
          Morgan & Morgan, P.A.
          8151 Peters Road, Suite 4000
          Plantation, FL 33324
          T: (954) 318-0268
          F: (954) 327-3039
          Email:  cventura@forthepeople.com

          ***Attorney for Plaintiff***