IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THOMAS LEE,

    Plaintiff,

v.

                                         Case No. : 3:22-cv-300-BJD-PDB

BEST AMERICAN INVESTMENTS, LLC,
BAYMEADOWS MANAGEMENT, LLC,
And ASHOK BHATT,

    Defendants.
_____/

## PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Plaintiff, THOMAS LEE ("Lee" or "Plaintiff"), files this Motion for Final Default Judgment against Defendants, BEST AMERICAN INVESTMENTS, LLC ("Best American"), BAYMEADOWS MANAGEMENT, LLC ("Baymeadows") and ASHOK BHATT ("Bhatt") (collectively "Defendants"), and states as follows:

### FACTUAL AND PROCEDURAL BACKGROUND

1.     Plaintiff, Thomas worked for Defendants, Best American, Baymeadows, and Bhatt, from approximately May 2021 through October 2021 as a non-exempt maintenance worker. *See* Complaint, D.E. 1, at ¶ ¶ 39-40; Answer, D.E. 17 at ¶¶ 39-40 (admitting that Defendants hired Plaintiff to work as a non-exempt maintenance worker in approximately May 2021 and that Plaintiff was employed until

approximately October 2021); Declaration of Plaintiff Thomas Lee, attached hereto as **Exhibit A**, at ¶ 5.

2. In most, if not all work weeks, Plaintiff worked for Defendants in excess of forty (40) hours. D.E. 1, at ¶ 44; *see also* Exhibit A at ¶¶ 7-9.

3. However, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for all of the hours that he worked in excess of forty (40) each week. D.E. 1 at ¶ 47; *see also* Exhibit A, at ¶¶ 7-9.

4. As a result, Plaintiff should have been, and should be, compensated at a rate not less than the applicable minimum wage for all of the hours that he worked each workweek, and the applicable overtime rate as required by the FLSA, but Defendants failed to compensate Plaintiff. D.E. 1 at ¶ 48; Exhibit A, at ¶ 11.

5. Therefore, on March 16, 2022, Plaintiff filed a Complaint for violations of the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA") against Defendants. *See generally*, D.E. 1.

6. On March 22, 2022 Baymeadows was served with a Summons and a copy of the Complaint. *See* D.E. 5.

7. On March 22, 2022, Defendant, Best American, was served with a Summons and a copy of the Complaint. *See* D.E. 6.

8. On April 8, 2022, Counsel for Defendants confirmed they were representing *all* Defendants, including Bhatt and confirmed that they would be

accepting service on behalf of Bhatt. *See* Correspondence, attached hereto as **Exhibit B**.

9. On April 27, 2022, Plaintiff filed his Answers to the Court's Interrogatories based on the limited records in his possession, coupled with his independent recollection of the hours that he worked each week. *See* D.E. 12-1.

10. On May 13, 2022, Defendants, Baymeadows, Best American, and Bhatt filed their Answer and Affirmative Defenses. *See* D.E. 17.

11. On June 9, 2022, Defendants filed two time sheets for Plaintiff spanning from September 16, 2021 through September 30, 2021 and October 1, 2021 through October 15, 2021. *See* D.E. 22.

12. Additionally, on June 9, 2022, Defendants filed payroll records for a limited number of pay periods for Plaintiff. *See* D.E. 22. Defendants provided Plaintiff with the remainder of his payroll records. *See* Payroll Journal, attached hereto as **Exhibit C**.

13. The Parties conducted a settlement conference, but were unable to resolve the matter.

14. Thereafter, on July 7, 2022 Defendants' counsel filed their Amended Motion to Withdraw as counsel for all Defendants. *See* D.E. 29.

15. On July 25, 2022, this Court entered an Order granting the Motion to Withdraw and directing Defendants to obtain counsel no later than August 22, 2022.

*See* D.E. 36.  The Order also notified that Bhatt must notify the Court is he is proceeding without counsel.  *Id.*

16. On August 29, 2022, Plaintiff's Counsel filed a Notice of Defendants' Non-Compliance with the Court's Court Order dated July 25, 2022 (D.E. 36).  *See* D.E. 37.

17. On August 30, 2022, this Court entered an Order to Show Cause as to the Defendants for their failure to comply with the Court's July 25, 2022, Order and further directed Defendants to show cause by September 13, 2022 as to why default should not be entered against them. *See* D.E. 38.

18. On September 28, 2022, this Court entered a Report and Recommendation, recommending that the Clerk of Court enter a default against Defendants, as Defendants ignored the Court's Order to Show Cause.  *See* D.E. 39.  The Court adopted the report and recommendation and directed the Clerk to enter default against all Defendants for their failure to follow the Court's order or to otherwise defend.  *See* D.E. 41.

19. The Clerk of Court entered defaults against Defendants on November 21, 2022. *See* D.E. 42-44.

20. In defaulting, Defendants have admitted the well-pleaded allegations of liability as stated in Plaintiff's Complaint.  *See Herber v. Prof'l Adjustment Corp.*, No. 8:10-CV-794-T-23EAJ, 2010 WL 2103025, at *1 (M.D. Fla. May 25, 2010) ("By virtue of the default, the defendant admits the facts alleged in the complaint.").

21. Attached hereto as **Exhibit A** is the Declaration of Plaintiff, Thomas Lee,

evidencing the amount of wages he is owed. Based on the hours he worked, Plaintiff's damages total **$7,776.00** in unpaid minimum wage and overtime.

22. Plaintiff, Lee is entitled to liquidated damages in an amount equal to his unpaid wages. 29 U.S.C. §216(b). Accordingly, Plaintiff, Lee is entitled to **$7,776.00** in liquidated damages.[1]

23. Therefore, Plaintiff, Lee is entitled to a total amount of **$17,400.00.**

24. In addition Plaintiff's counsel spent $792.00 in taxable costs in prosecuting this claim on behalf of Plaintiff. Therefore, Plaintiff's counsel seeks **$792.00** in costs. *See* Affidavit of Chanelle J. Ventura attached hereto as **Exhibit D**.

## MEMORANDUM OF LAW

### I.   Standard of Review

"A court may enter default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment." *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008); *see also Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975). Therefore, "a court must examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to a default judgment." *Id*. Additionally, "[a]lthough a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather the [c]ourt determines the amount and character of damages to be

---

[1] Based on the payroll records that Plaintiff received from Defendants after he answered the Court's interrogatories, it appears that Plaintiff originally overestimated his damages. *Compare* D.E. 12-1 *with* Exhibit A at ¶¶ 12-16.

awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F.Supp.2d 1342, 1346 (M.D.Fla.1999). If the court finds that default judgment is warranted, "the court may hold a hearing for the purpose of assessing damages." *Gomes v. Nationwide Janitorial & Flooring Servs., Inc.*, No. 606CV-929-ORL-31KRS, 2007 WL 737584, at *1 (M.D. Fla. Mar. 7, 2007). "However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages." *Id.*

## II. Defendants are Liable for Plaintiffs' Damages.

As established by the 11th Circuit in *Secretary of Labor v. Labbe*, "the requirements to state a claim of a FLSA violation are quite straightforward." 319 F. App'x 761, 763 (11th Cir. 2008). The elements that a plaintiff must show "are simply a failure to pay overtime compensation and/or minimum wages to covered employees . . . in accordance with the Act." *Id.*

All Defendants have admitted that "Plaintiff, Lee worked for Defendants from approximately May 2021 through October 2022, as a maintenance worker. D.E. 1 at ¶¶ 39-40; D.E. 17 at ¶¶ 39-40. The Defendants all admit that they were Plaintiff's employers and that Plaintiff was their employee. *Compare* D.E. 1 at ¶¶ 15-17, 24, *with* D.E. 17 at ¶¶ 15-17, 24. Defendants also admit that they are covered by the provisions of the FLSA based on enterprise coverage and individual coverage. *Compare* D.E. 1 at ¶¶ 27-29, *with* D.E. 17 at ¶¶ 27-29.

Furthermore, in defaulting, Defendants have admitted that Plaintiff was not compensated for all of the hours that he worked each week, in most, if not all work

6

weeks; which resulted in Plaintiff receiving less than the applicable minimum wage for all hours worked, and receiving less than one and one half times his regular hourly rate for the hours he worked over 40 in most, if not all work weeks. *See* D.E. 1 at 43-47.

### III. Damages.

The Eleventh Circuit has established that "where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Etienne v. Inter-County Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir.1999); *Wallace*, 247 F.R.D. at 682. Pursuant to Rule 55(b)(2), the court may take into account affidavits and such other evidence as it deems necessary. Further, the court may conduct a hearing or make referrals if it needs to conduct an accounting or investigate any other matter. See Fed. R. Civ. P. 55(b)(2). However, a hearing is not necessary if a party submits sufficient evidence to support the request for damages. *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *see also Townsend v. Rosenthal, Stein & Assocs., LLC*, No. 113CV00045WBHGGB, 2014 WL 12859911, at *2 (N.D. Ga. July 14, 2014), report and recommendation adopted, No. 1:13-CV-0045-WBH, 2014 WL 12859912 (N.D. Ga. Nov. 6, 2014).

Based on payroll records produced by Defendants, the limited time sheets in Plaintiff's possession, and based on Plaintiff's estimation of the hours that he worked during those weeks where no records were produced, Plaintiff is owed a total of

$7,776.00 in unpaid minimum wages and overtime compensation. Defendants are liable to pay liquidated damages in an additional amount equal to the amount of Plaintiff's unpaid wages—or $7,776.00.  *See* 29 U.S.C. §§ 216(b), 260; *Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1191 n. 18 (5th Cir.1979).  Due to the fact that Plaintiff has presented sufficient evidence to show the amount of work performed and the amount of damages owed by virtue of his Affidavit, no hearing is necessary.

**IV.   Defendants Baymeadows Management, LLC, Best American Investments, LLC, and Ashok Bhatt are Responsible for Plaintiff's Costs.**

Section 216(b) of the FLSA mandates that "[t]he court in such action shall, in addition to any judgment awarded to plaintiff . . ., allow a reasonable attorney's fee to be paid by defendant, and costs of the action." 29 U.S.C. § 216(b).  Plaintiff's counsel has incurred $792.00 in out-of-pocket taxable costs in the litigation of this case. *See* Exhibit D, and Cost Ledger attached thereto as **Exhibit 1**.[2] Moreover, Plaintiff's counsel has expended at least 17.3 hours in prosecuting this Complaint on behalf of Plaintiff.  *See* Time Records attached to Exhibit D as **Exhibit 2**. Plaintiff's counsel has been an attorney litigating almost exclusively FLSA cases since she was admitted to the Florida Bar in September 2017.  Therefore, Plaintiff's counsel has been practicing in this field for over five years.  Based on Plaintiff's counsel's experience and expertise, her hourly rate of $275.00 is reasonable.  *See ApplePie Cap., Inc. v. Sirois Ventures III LLC*, No. 8:19-CV-2719-T-35TGW, 2021 WL 2459445, at *2 (M.D. Fla. Jan. 15,

---

[2] Although the cost ledger indicates that the total costs in this case are $974.78, Plaintiff's counsel is only seeking taxable costs for filing fees and service of process fees in accordance with 28 U.S.C.§ 1920, in the amount of $792.00.

2021) (associate attorney's hourly rate of $275.00 was reasonable); *Intenze Prods., Inc. v. Dead Man Supplies Corp.*, No. 8:15–cv–1074–T–36AAS, 2017 WL 759036, at *4 (M.D. Fla. Feb. 9, 2017) (finding that a rate of $275 per hour was reasonable for an attorney with approximately four years of experience); *Gray v. Novell, Inc.*, No. 8:06–CV–1950–T–33TGW, 2012 WL 3871872, at *11 (M.D. Fla. Sept. 6, 2012) (reducing the rate of an attorney with five years of legal experience to $285 per hour). Therefore, Plaintiff respectfully request that the Court award his counsel $4,757.50 in reasonable attorney's fees.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully requests that this Court enter Final Default Judgment in favor of Plaintiff and against Defendants, BEST AMERICAN INVESTMENTS, LLC, BAYMEADOWS MANAGEMENT, LLC and ASHOK BHATT for $7,776.00 in unpaid wages, $7,776.00 in liquidated damages as to Plaintiff, Thomas Lee, $792.00 in taxable costs, and $4,757.550 in reasonable attorney's fees.

Dated: February 28, 2023.

/s/ *Chanelle J. Ventura*
Chanelle J. Ventura
Florida Bar No.: 1002876
MORGAN & MORGAN, P.A.
8151 Peters Road, 4th Floor
Plantation, Florida 33324
T: (954) 318-0268; F: (954) 327-3039
E-mail: cventura@forthepeople.com
Secondary E-mail: mperez@forthepeople.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been uploaded via CM/ECF Portal System and served via U.S. Mail on this 28 day of February 2023, on Defendants, Best American Investments, LLC, Baymeadows Management, LLC and Ashok Bhatt at 27 A Iris Avenue, San Francisco, CA 94118.

/s/ *Chanelle J. Ventura*
Chanelle J. Ventura