United States District Court
Middle District of Florida
Jacksonville Division

**THOMAS LEE,**

    *Plaintiff,*

V.                                                    **NO. 3:22-cv-300-BJD-PDB**

**BEST AMERICAN INVESTMENTS, LLC,
ETC.,**

    *Defendants.*

---

# Report and Recommendation

## I.  Overview

Thomas Lee sues Best American Investments, Baymeadows Management, and Ashok Bhatt under the Fair Labor Standards Act ("FLSA"), codified at 29 U.S.C. §§ 201–19, for unpaid wages, liquidated damages, attorney's fees, and costs.[1] Doc. 1. Through counsel, the defendants answered the complaint and participated in a case-management conference but have

---

[1] Lee purports to bring this action as a collective action under the collective-action provision of the FLSA, which provides, "An action … may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to [a FLSA] action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). No one has consented to join Lee as a plaintiff against the defendants.

filed nothing since the Court permitted their lawyers to withdraw, resulting in the entry of defaults against the defendants. Docs. 17, 26, 36, 38–44.

Now before the Court is Lee's motion for default judgment. Doc. 45. He demands $7,776 in unpaid wages, $7,776 in liquidated damages, $4,757.50 in attorney's fees, and $792 in taxable costs.[2] Doc. 45 at 9. He provides a declaration of himself, a payroll journal, a chart showing estimated damages, email communications regarding service of process, an affidavit of his lawyer, timesheets of his lawyer, and a chart describing the work his lawyer performed for him. Docs. 45-1, 45-2, 45-3, 45-4.

## II.  Law

### A.  *Default*

"When a party against whom a judgment for affirmative relief is sought has failed to … defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

### B.  *Default Judgment*

"If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing[.]" Fed. R. Civ.

---

[2]Lee demands other relief in the complaint, Doc. 1 at 14–15, but is not demanding that relief in his motion for default judgment, *see generally* Doc. 45.

P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." *Id.* 55(b)(2).

"[A] defendant's default does not in itself warrant the court in entering a default judgment." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). By defaulting, the defendant admits only the plaintiff's well-pleaded factual allegations, and those allegations must provide a "sufficient basis" for the judgment. *Id.* Once liability is established, the court must ensure "there is a legitimate basis for any damage award it enters[.]" *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

### C. Servicemembers Civil Relief Act

The Servicemembers Civil Relief Act, codified at 50 U.S.C. §§ 3901–4043, protects military service members from default judgments. Under the Act, in "any civil action … in which the defendant does not make an appearance," 50 U.S.C. § 3931(a), before the court can enter default judgment, the plaintiff must file an affidavit stating whether the defendant is in military service or stating the plaintiff cannot determine that fact, *id.* § 3931(b)(1).

### D. The FLSA

The FLSA establishes minimum wages and maximum hours "to protect certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706

(1945). The FLSA applies to "employees," 29 U.S.C. §§ 206(a), 207(a), defined as "any individual employed by an employer," *id.* § 203(e)(1), and "employers," *id.* §§ 206(a), 207(a), defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee," *id.* § 203(d).

Regarding minimum wage, the FLSA provides, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at … $7.25 an hour[.]" *Id.* § 206(a). Regarding maximum hours, the FLSA provides, "Except as otherwise provided …, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." *Id.* § 207(a)(1).

Under the FLSA, an "[e]nterprise engaged in commerce or in the production of goods for commerce" is "an enterprise that … has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and … is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)[.]" *Id.* § 203(s)(1)(A).

4

An employer who violates the minimum-wage or maximum-hour provisions of the FLSA "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." *Id.* § 216(b). "[I]f the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA], the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the [equal] amount[.]" *Id.* § 260.

"The court ... shall, in addition to any judgment awarded to the plaintiff … allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *Id.* § 216(b); *accord Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985) (holding a reasonable attorney's-fee award to a prevailing FLSA plaintiff is mandatory).

"To establish a claim for a violation under the FLSA, [a plaintiff] must show only that [the plaintiff] performed work for which [the plaintiff] was not properly compensated." *Rafferty v. Denny's, Inc.*, 13 F.4th 1166, 1190 (11th Cir. 2021). "Because of the remedial nature of the FLSA and the great public policy which it embodies, courts are careful to construe the statute so as not to create impossible hurdles for employees." *Id.* (cleaned up). "Towards that end, [the Eleventh Circuit has] emphasized that it is the duty of the employer—not the employee—to keep track of the employee's wages, hours, and other conditions of employment." *Id.* (cleaned up). "That is so because the employer enjoys a better position to be aware of and create records of the most probative facts

5

about the nature and amount of work performed." *Id.* at 1190–91. "And denying a claim simply because the employee cannot produce records of … time worked would reward an employer's failure to comply with its statutory duty to maintain proper records." *Id.* at 1191.

"So though an employee does not have documentation of the precise number of hours … worked and how [he] spent those hours, [he] nonetheless satisfies [his] burden if [he] proves that [he] has in fact performed work for which [he] was improperly compensated and if [he] produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.* (cleaned up). "The burden then shifts to the employer to produce either evidence of the specific amount of work the employee performed or evidence that tends to refute the reasonableness of the inference the employee seeks for the factfinder to draw from [his] evidence." *Id.* "If the employer does not satisfy this production burden, the court may award damages to the employee, even if the award represents an estimation." *Id.*

### E.  *Attorney's Fees*

The starting point for evaluating the reasonableness of a statutory attorney's-fee award is a calculation of the number of hours reasonably expended (i.e. hours that are not "excessive, redundant, or otherwise unnecessary") multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). There is a "strong" presumption the resulting "lodestar figure" is sufficient. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010).

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The relevant legal community is the place where the case is filed. *ACLU v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999).

The party requesting an attorney's-fee award has the burden of producing evidence to support the hours worked and the rates claimed. *Hensley*, 461 U.S. at 37. Sufficient evidence is more than just an affidavit of the attorney who performed the work. *Norman*, 836 F.2d at 1299. If evidence is inadequate, a court may reduce an award, *Hensley*, 461 U.S. at 433, or "make the award on its own experience" without further filings or an evidentiary hearing, *Norman*, 836 F.2d at 1303.

An order on an attorney's-fee award "must allow meaningful review—the district court must articulate the decisions it made, give principled reasons for those decisions, and show its calculation." *Id.* at 1304.

### F.  *Costs*

Costs to a prevailing FLSA plaintiff are limited to the costs enumerated in 28 U.S.C. § 1920. *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1574–75 (11th Cir. 1988). Those costs include "[f]ees of the clerk and marshal." 28 U.S.C. § 1920(1).

Fees of the marshal are in 28 U.S.C. § 1921. Those fees include fees for serving process. 28 U.S.C. § 1921(a)(1)(A). A court may award costs of service of process by a private process server, but the amount may not exceed what the

7

marshal is authorized to charge. *EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). "For process served or executed personally," the marshal is authorized to charge "$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses." 28 C.F.R. § 0.114(a)(3). When a party requests more than $65 for service of process by a private process server without evidence of the time taken to serve process, travel costs, or out-of-pocket expenses, courts—including this Court—have taxed only the minimum that would have been charged by the marshal—$65 for each item. *See, e.g.*, *Lockwood v. CIS Servs., LLC*, No. 3:16-CV-965-BJD-PDB, 2019 WL 2226126, at *20 (M.D. Fla. May 3, 2019), *report and recommendation adopted*, No. 3:16-CV-965-BJD-PDB, 2019 WL 3383628 (M.D. Fla. June 13, 2019).

### III. Analysis

Default judgment is warranted. Although one defendant is an individual, the protections of the Servicemembers Civil Relief Act are inapplicable because that defendant appeared in the action. *See* 50 U.S.C. § 3931(a).

The mixed allegations of fact and law admitted by the defendants through their answer and the well-pleaded factual allegations admitted by the defendants through their answer, default, or both provide a "sufficient basis" for judgment against the defendants for violating the FLSA. *See Nishimatsu*, 515 F.2d at 1206 (quoted). Through their answer, the defendants admit Lee worked as a non-exempt employee from approximately May to October 2021, they were his employers during that time, and they were subject to the FLSA during that time. Docs. 1 & 17 ¶¶ 15, 16, 24, 27–30, 39–41. Through their

default, they admit they failed to comply with the minimum-wage and maximum-hour provisions of the FLSA when paying Lee. Specifically, they admit he worked more than forty hours in most workweeks, they failed to pay him the applicable minimum wage for all hours he worked each workweek, they failed to pay him one and one-half times his regular rate of pay for hours he worked over forty each week, and they knew or should have known about their failures, including because of a company-wide policy of requiring non-exempt employees to work more than forty hours without overtime wages. Doc. 1 ¶¶ 5, 45–47, 49, 67, 74.

With this showing of liability, an award to Lee for the unpaid wages and liquidated damages is mandatory. *See* 29 U.S.C. § 216(b). Lee offers a "legitimate basis" for the damages he demands. *Anheuser Busch*, 317 F.3d at 1266 (quoted). The defendants had the burden of recording his wages and hours. *See Rafferty*, 13 F.4th at 1190. In response to the court's interrogatories, the defendants explained records for May to August 2021 are unavailable because of a company sale and provided timesheets and a payroll journal for September to October 2021 only. Docs. 22, 22-1, 22-2. In his declaration signed in February 2022, Lee declares under penalty of perjury:

> 6. Throughout my employment with Defendants, I was employed as a maintenance worker. As a maintenance worker, my duties included maintaining the motel grounds and rooms. This included, but was not limited to, painting, mowing the lawn, and repairing appliances around the motel grounds.
>
> 7. While employed by Defendants, Defendants failed to pay me overtime and minimum wages for all of the hours that I worked each work week.

9

8. Throughout my time working for Defendants, I was regularly required to work in excess of forty (40) hours per week.

9. Despite of the fact that I regularly worked over forty (40) hours per work week, Defendants failed to pay me time and one half of my regular rate of pay for such overtime hours.

10. During some work weeks, Defendants failed to pay me my straight time pay for all hours that I worked.

11. I should have been, and should be, compensated at a rate not less than the applicable minimum wage for all of the hours that I worked each workweek, and the applicable overtime rate as required by the FLSA, but Defendants failed to compensate me.

12. Defendants paid me on a bi-monthly basis. Therefore, for the purposes of calculating my damages, I used a two-week work period.

13. I estimate that I worked approximately 120 hours every two weeks, or 60 hours each work week.

14. However, based on the payroll records provided by Defendant, they never paid me for the number of hours I actually worked.

15. For example, for the pay period October 1, 2021 through October 15, 2021, I worked 126 hours [according to the payroll journal the defendants provided]. *See* D.E. 22-1 at 3. However, for this pay period, I was only paid for 80 hours. *See* Payroll Journal [the defendants provided].

16. A full calculation of my damages is attached hereto[.] …

17. Based on the foregoing, I understand that I am owed $7,776 in unpaid wages and an equal amount as liquidated damages.

18. Therefore, I am owed a total amount of $15,552.00 which includes my unpaid minimum wage, unpaid overtime, and an equal amount as liquidated damages.

Doc. 45-1 ¶¶ 6–18. Lee also provides this table showing his calculation of damages:

| Check Date | Hours Worked | Hours Paid | Reg. Time Owed | Overtime Worked | Regular Rate | Regular Pay Owed | Overtime Owed at .5 | Overtime Owed at 1.5 | Damages | |
|---|---|---|---|---|---|---|---|---|---|---|
| 5/21/21 | 120 | 37 | 43 | 40 | 12 | 516 | 0 | 720 | $1,236.00 | |
| 6/7/21 | 120 | 90 | 0 | 40 | 12 | 0 | 60 | 540 | $600.00 | |
| 6/22/21 | 120 | 99 | 0 | 40 | 12 | 0 | 114 | 378 | $492.00 | |
| 7/7/21 | 120 | 92 | 0 | 40 | 12 | 0 | 72 | 504 | $576.00 | |
| 7/22/21 | 120 | 72 | 8 | 40 | 12 | 96 | 0 | 720 | $816.00 | |
| 8/6/21 | 120 | 95 | 0 | 40 | 12 | 0 | 90 | 450 | $540.00 | |
| 8/20/21 | 120 | 94 | 0 | 40 | 12 | 0 | 84 | 468 | $552.00 | |
| 9/7/21 | 120 | 88 | 0 | 40 | 12 | 0 | 48 | 576 | $624.00 | |
| 9/21/21 | 120 | 70 | 10 | 40 | 12 | 120 | 0 | 720 | $840.00 | |
| 10/7/21 | 130 | 99 | 0 | 50 | 12 | 0 | 114 | 558 | $672.00 | TIMESHEET |
| 10/22/21 | 126 | 80 | 0 | 46 | 12 | 0 | 0 | 828 | $828.00 | TIMESHEET |
| | | | | | | | | Total | $7,776.00 | |
| | | | | | | | | Liquidated | $15,552.00 | |

Doc. 45-1 at 9.

Lee does not have a burden of presenting records documenting the precise number of hours worked. *See Rafferty*, 13 F.4th at 1190–91. From what he has provided, the amount and extent of his work may be justly and reasonably inferred. *See id.* at 1191. He describes manual labor that could require overtime, and the hours he estimates for each pay period are the same or nearly the same as the hours recorded in the timesheet the defendants provided for the pay periods from September 16 to 30 and October 1 to October 15. Doc. 22-1 at 2, 3.[3] Lee's showing shifted the burden back to the defendants, *see id.*, who have not come forward to challenge Lee's showing. This failure permits the Court to award damages to Lee based on his estimations. *See id.* The defendants likewise have not come forward with evidence of good faith

---

[3]In answering the Court's interrogatories, Lee estimated unpaid wages of $8,700 and liquidated damages of $8,700, for total damages of $17,400. Doc. 12-1 at 3. He now concedes he overestimated his damages, Doc. 45 at 5 n.1, but mistakenly repeats the overestimation in one place in the motion for default judgment, Doc. 45 at 5. His overestimation does not call into doubt his later estimation because he overestimated without the benefit of the partial records the defendants later provided.

that would allow this Court to decline to award liquidated damages. *See* 29 U.S.C. § 260. The damages do not "differ in kind from, or exceed in amount, what is demanded in the pleadings." *See* Doc. 1 at 14–15 (demand in the complaint); Fed. R. Civ. P. 54(c) (quoted). Thus, an award of $7,776 in unpaid wages and $7,776 in liquidated damages is warranted.

An award to Lee for reasonable attorney's fees likewise is mandatory. *See* 29 U.S.C. § 216(b). Lee has satisfied his burden of showing the hours spent by his lawyer (17.3), the hourly rate requested ($275), and the resulting lodestar $4,757.50, are reasonable. The undersigned's knowledge about reasonable hours and local rates, the affidavit of Lee's lawyer, the timesheets of Lee's lawyer, and the chart describing the work by Lee's lawyer support that the lawyer performed only necessary work (communicating with Lee about various matters [.2, .5, .8, .8], attending a telephone conference before the Court [.3], communicating with opposing counsel [.3], drafting discovery requests [5], drafting the joint settlement and case management reports [1.2], drafting the corporate disclosure statement [.3], preparing responses to the Court's interrogatories [2.2], drafting and finalizing the complaint [2.4], drafting a demand letter [.9], and participating in a settlement conference [2.4]) at a rate within the range of prevailing market rates in Jacksonville for similar services (employment law) by lawyers of reasonably comparable skills, experience, and reputation (academic and other awards during law school; admission to practice and membership in good standing in three federal courts; more than five years' of legal experience; and successful representation of clients in numerous FLSA cases, including collective actions). Thus, an attorney's-fee award of $4,757.50 is reasonable.

Finally, taxing costs is mandatory. Lee shows some but not all of the demanded costs totaling $792 are allowable under § 1920. Lee provides documentation of costs, supported by his lawyer's affidavit. Doc. 45-4 ¶ 6; Doc. 45-4 at 8–10. The documentation and the docket sheet show payment of the filing fee ($402). Doc. 45-4 at 10; docket entry accompanying Doc. 1. As a "[fee] of the clerk," that cost is allowed. *See* 28 U.S.C. § 1920(1) (quoted). The documentation shows general costs for service of process by a private process server ($185, $95, and $110). Doc. 45-4 at 9. As a "[fee] of the … marshal," that cost is allowed, *see* 28 U.S.C. §§ 1920(1), 1921(a)(1)(A), but without evidence of the time taken to serve process, travel costs, or out-of-pocket expenses, the cost is limited to the $65-per-item minimum the marshal would have charged per defendant (here, two were served and one waived service). *See* 28 C.F.R. § 0.114(a)(3); *Lockwood*, 2019 WL 2226126, at *20. Thus, taxing costs in the amount of $532 ($402 + $65 + $65) is warranted.

## IV. Recommendations

The undersigned recommends entering an order **granting in part** the motion for default judgment, Doc. 45, and **directing** the clerk to enter judgment for Thomas Lee and against Best American Investments, LLC, Baymeadows Management, LLC, and Ashok Bhatt for $7,776 in damages for unpaid wages; $7,776 in liquidated damages; $4,757.50 in attorney's fees; and $532 in costs.

## V. Objections

Within 14 days after this report and recommendation is entered, any party may serve and file specific written objections. *See* Fed. R. Civ. P. 72(b)(2).

A party may respond to the other party's objections within 14 days after service of the objections. *See id*. A failure to serve and file specific written objections will alter the scope of review by the district judge and the United States Court of Appeals for the Eleventh Circuit and result in waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**Entered** in Jacksonville, Florida, on May 8, 2023.



PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: The Honorable Brian Davis

    Counsel of record

    Best American Investments, LLC (via U.S. Mail)
    27 A Iris Avenue
    San Francisco, CA 94118

    Baymeadows Management, LLC (via U.S. Mail)
    27 A Iris Avenue
    San Francisco, CA 94118

    Ashok Bhatt (via U.S. Mail)
    27 A Iris Avenue
    San Francisco, CA 94118